**Order issued December 17, 2021**



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-21-00642-CV

---

### UNICO RETAIL, LLC AND RICARDO VALENTINI, Appellants

### V.

### EDRY B & K -11, GP, A TEXAS GENERAL PARTNERSHIPM AND WALTER E. SALEK, INDIVIDUALLY AND AMTRUST TITLE OF TEXAS, Appellees

---

**On Appeal from 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-33085**

---

## MEMORANDUM ORDER
## OF REFERRAL TO MEDIATION

The Court determines that it is appropriate to refer this appeal for resolution

by mediation. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.021, 154.022(a),

154.023 (Vernon 2011). Accordingly, the Court orders that this appeal be referred

to mediation unless any party to the appeal files an objection with the Clerk of this

Court within **ten days** after receiving this order.  *See id.* § 154.022(b).

The parties shall choose a qualified mediator and agree on a reasonable fee

for the mediator's services. [1] *See id.* §§ 154.052, 154.054(a) (Vernon 2011).

The Court sets the following deadlines:

• No later than **15 days** from the date that this order is issued, the parties shall file with the Clerk of this Court a completed "Parties' Notification to Court of Mediator."  This document can be downloaded from the forms page of the Court's website at http://www.txcourts.gov/1stcoa.

• No later than **45 days** from the date that this order is issued, the parties shall conduct the mediation.

• No later than **two days** from the conclusion of the mediation, the parties and the mediator shall advise the Clerk of this Court in writing whether the parties did or did not settle the underlying dispute.

All parties, or their representative with full settlement authority, shall attend

the mediation with their counsel.  The mediator shall encourage and assist the

parties in reaching a settlement of their dispute, but may not compel or coerce the

parties to enter into a settlement agreement.  *See id.* § 154.053(a) (Vernon 2011).

All communications relating to the mediation are confidential and not subject to

---

[1] The Court does not recommend mediators.  Mediation information is available from the Dispute Resolution Center of Harris County ((713) 755-8274 and https://drc.harriscountytx.gov/), the Fort Bend Dispute Resolution Center ((281) 342-5000), the Alternate Dispute Resolution Section of the State Bar of Texas (http://www.texasadr.org/), and other groups.  The parties are not required to use a mediator recommended or listed by these groups.

disclosure, except as set forth by law. *See id.* § 154.073 (Vernon 2011). The Clerk of this Court, however, will file this order, any objection to this order, and the completed "Parties' Notification to Court of Mediator" with the other documents filed in this appeal that are available for public inspection.

Unless expressly authorized by the disclosing party, the mediator may not disclose to either party information given in confidence by the other and shall at all times maintain confidentiality with respect to communications relating to the subject matter of the dispute. *See id.* § 154.053(b). Unless the parties agree otherwise, all matters, including the conduct and demeanor of the parties and their counsel during the settlement process, are confidential and may never be disclosed to anyone, including this Court. *See id.* § 154.053(c).

The Court will consider the agreed fee for the mediator's services to be reasonable and tax that fee as a cost of the appeal unless the parties agree to another method of payment. *See id.* § 154.054.

/s/ Peter Kelly
Justice Peter Kelly
Acting Individually